## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

DANTE G. FREDRICK,

    Petitioner,

v.

STATE OF GEORGIA,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-163

## **ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Dante Fredrick ("Fredrick") filed this action on November 13, 2015. (Doc. 1.) Fredrick labels his Petition as a "Special Motion" seeking a "Writ of Injunction." Additionally, Fredrick filed a Motion to Proceed *in forma pauperis.* (Doc. 3.) Generally, it appears that Fredrick seeks to attack his convictions entered in the Superior Court of Glynn County on December 19, 2012. However, though Fredrick's Petition is lengthy, he does not provide a jurisdictional basis for this Court to entertain his Petition for an injunction. Also, the Court should not re-characterize Fredrick's Petition as one seeking habeas corpus relief. Thus, the Court **DENIES** his Motion to Proceed *in forma pauperis.* (Doc. 3.) Additionally, I **RECOMMEND** that the Court **DISMISS** Fredrick's Petition, (doc. 1), **DENY** his Motion for a Preliminary Injunction, (doc. 4), and **DENY** Fredrick leave to proceed *in forma pauperis* on appeal.

### BACKGROUND

Fredrick's Petition is not a picture of clarity. However, his Exhibits reveal he pled guilty on December 19, 2012, to two counts of theft by deception and three counts of possession of a

firearm by a convicted felon in the Superior Court of Glynn County. (Doc. 1-2, pp. 6–9 (Plea Petition, State v. Fredrick, Case No. CR12-353-63 (Glynn County Superior Court, Dec. 19, 2012).) Along with his guilty plea, Fredrick signed a Rights Waiver which advised him, among many other rights, that he had thirty days to file an appeal of his guilty plea. Id. On that same date, the Superior Court sentenced Fredrick to ten years' probation on the theft by deception counts, (Counts Six and Eight), five years' imprisonment on one of the felon in possession of a firearm counts, (Count Eleven), and five years' imprisonment on the other two felon in possession of a firearm counts, (Counts Twelve and Thirteen). (Id. at pp. 10–13.) The court ordered these sentences to run consecutively. Id.

It does not appear that Fredrick filed any direct appeal of his convictions and sentence in Georgia's appellate courts. In his Petition, he includes a section entitled "Exhaustion of Remedies." (Doc. 1, p. 6.) However, he does not mention filing any direct appeal or state habeas petition. Rather, he states that he "contacted" the Court of Appeals and the Georgia Supreme Court. He later states that he has "submitted appeals" in the trial court, Court of Appeals, and the Supreme Court of Georgia. (Id. at p. 16.) However, he contends, "Appeals courts keep transferring appeals from court to court." (Id.) The Exhibits to Fredrick's Petition indicate that these "appeals" were not direct appeals of his sentence or a state habeas petition. Rather, it appears he filed a motion for modification of his sentence and a "Motion in Arrest of Judgment" in Glynn County Superior Court. (Doc. 1-3, pp. 22–23.) The Superior Court denied those Motions on October 31, 2014, and May 26, 2015. Fredrick attempted to appeal the denial of the "Motion in Arrest of Judgement" to the Georgia Supreme Court. (Id. at p. 24.) However, because that court did not have jurisdiction over his appeal, it transferred the case to the Georgia Court of Appeals. Id. The Georgia Court of Appeals then dismissed Fredrick's appeal because

he submitted his appeal 248 days after the denial of his motion, well after the thirty-day deadline for filing an application for discretionary appeal. (Id. at p. 20.)

In his pleadings in this Court, Fredrick generally contends that his indictment was deficient. He contends that the theft by deception counts, (Counts Six and Count Eight), do not charge a crime or recite the statutory language, and that Count Eight "names two victims in one count." (Doc. 4, p. 2.) He goes on to allege that the felon in possession of a firearm counts, (Counts Eleven, Twelve, and Thirteen), "all merges [sic] into count six and count eight and into each other by fact and law. Because all conduct arose from count six and count six doesn't charge a crime this creates a collateral estoppel to the impositions of convictions and sentences." Id. (emphases in original). Thus, he asks that this Court "refer the above-mentioned Constitutional as well governmental malfeasance to the Department of Justice." (Doc. 1, p. 18.) He also requests that this Court issue a preliminary injunction and temporary restraining order to "cease all unlawful restrain [sic] of irreparable injury and loss of life and liberty of a United States Citizen." (Doc. 3, p. 3.)

## DISCUSSION

**I. Dismissal of Fredrick's Petition for Lack of Jurisdiction**

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The Court's jurisdiction cannot be expanded merely through judicial decree, and we may only adjudicate cases over which we have been granted jurisdiction by the Constitution or Congress. Id. Because federal courts are courts of limited jurisdiction, we are presumed to lack subject matter jurisdiction in a particular case "unless the contrary affirmatively appears." General Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968–69 (9th

Cir. 1981). Finally, courts must independently determine whether subject-matter jurisdiction exists. Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1275 (11th Cir. 2012).

Rather than providing a specific basis for this Court to exercise jurisdiction over his claims, Fredrick generally requests an injunction. (Docs. 1, 4.) An injunction is "[a] court order commanding or preventing an action." *Injunction*, Black's Law Dictionary (10th ed. 2014). However, courts cannot merely dole out injunctive relief in the absence of some underlying jurisdictional basis for doing so. Only three types of injunctions may be issued by federal courts. Klay v. United HealthGroup, Inc., 376 F.3d 1092, 1097 (11th Cir. 2004). They are: (1) statutory injunctions; (2) "traditional" injunctions; and (3) injunctions issued under the All Writs Act, 28 U.S.C. § 1651(a). Id. at 1097–99.

A statutory injunction is available only "where a statute bans certain conduct or establishes certain rights, then specifies that a court may grant an injunction to enforce the statute." Id. at 1098. "[T]he standards for granting statutorily-authorized injunctions are necessarily controlled by the statute itself." Id. Fredrick does not cite any federal statutory scheme that supports his request for an injunction.

A "traditional" injunction is the type of injunction with which courts are perhaps most acquainted. A traditional injunction permits a temporary (or permanent) injunction where: (1) the movant has a substantial likelihood of (or actual) success on the merits of the underlying claim; (2) irreparable injury will result absent the injunction; (3) the threatened injury outweighs whatever damage the injunction may cause; and (4) the injunction would not have an adverse impact on the public interest. Id. at 1097.

> As the first factor makes clear, any motion or suit for a traditional injunction must be predicated upon a cause of action, such as nuisance, trespass, the First Amendment, etc., regarding which a plaintiff must show a likelihood or actuality

> of success on the merits. There is no such thing as a suit for a traditional
> injunction in the abstract.

Id. Fredrick does not predicate his requests for injunctive relief (both preliminary and permanent) on any independent cause of action. Rather, his request for an injunction is the quintessential request for an injunction in the abstract.

The only remaining option is an injunction issued pursuant to the All Writs Act. That Act permits courts to "issue all writs necessary or appropriate in aid of their . . . jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Unlike a traditional injunction, an injunction under the All Writs Act is not predicated on a cause of action. Klay, 376 F.3d at 1100. Rather, the movant "must simply point to some ongoing proceeding, or some past order or judgment [of the court], the integrity of which is being threatened by someone else's action or behavior." Id. However, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). Consequently, Fredrick cannot use the All Writs Act to collaterally attack a conviction or sentence where post-conviction relief is available through 28 U.S.C. § 2254. Morales v. Fla. Dep't of Corr., 346 F. App'x 539, 541 (11th Cir. 2009). The fact that Fredrick may not ultimately be able to obtain relief under Section 2254 because of procedural default, the statute of limitations, or some other similar bar, does not provide grounds for the Court to invoke the All Writs Act. Id. (affirming district court's dismissal of petitioner's collateral attack on his conviction, brought pursuant to the All Writs Act, as a successive habeas petition "[b]ecause [petitioner] could not circumvent the statutory requirements for filing a successive § 2254

5

petition by invoking the All Writs Act[.]"); see also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (common law writ of *audita querela* may not be granted when relief is cognizable under 28 U.S.C. § 2255).

Moreover, pursuant to the Rooker-Feldman doctrine, the Court is without jurisdiction over Fredrick's claims which essentially seek review of a state-court criminal conviction against him. "The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, No. 15-10470, 2015 WL 5751756, at *1 (11th Cir. Oct. 2, 2015). Nor, under the Rooker-Feldman doctrine may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." See Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (quoting Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)). "Rooker-Feldman applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Because Plaintiff, through this action for an injunction, essentially asks this Court to invalidate his conviction by the Glynn County, Georgia, Superior Court, this Court lacks jurisdiction over his claims.

## II. Whether the Court Should Construe the Petition as Being Brought Pursuant to 28 U.S.C. § 2254

As explained above, Petitioner seeks an injunction, not a writ of habeas corpus, in his Petition. Moreover, he does not invoke 28 U.S.C. §§ 2254 or 2241. Nonetheless, "[f]ederal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . They may do

6

so in order to avoid an unnecessary dismissal." Castro v. United States, 540 U.S. 375, 381 (2003). However, the United States Supreme Court disfavors a district court's *sua sponte* re-characterization of a filing as a federal habeas corpus petition. Id. at 377–78.

Re-characterizing Fredrick's Petition would be particularly improper. As an initial matter, relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Fredrick primarily references state, not federal law, in his Petition. While he makes conclusory references to the Fourteenth Amendment to the United States Constitution, he does not offer a coherent argument as to how his conviction and sentence or resulting custody violated his federal constitutional rights.

Additionally, it does not appear that he properly exhausted his available state law remedies as to his attack on his conviction and sentence.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the

exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state-court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845 (alteration in original). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a Section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006). As laid out in the above background of Fredrick's Petition, it does not appear that he has pursued the claims he asserted in this action through "one complete round" of Georgia's appellate review process or the state's collateral review process.

Even if Fredrick sought the Superior Court's review of his conviction and sentence through his "Motion to Arrest Judgment", he did not timely raise those claims on appeal. (Doc. 1-3, pp. 20–24.) Rather, the Georgia Court of Appeals dismissed his appeal because he sought review 218 days after the deadline for doing so elapsed. Id. Likewise, it appears that, given the time which has passed since his conviction and sentence, he likely has missed the deadline for filing a direct appeal in state court. This procedural default would likely prevent

this Court from reviewing his claims through a habeas petition. See Gray v. Netherland, 518 U.S. 152, 162 (1996) ("[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.").

Moreover, it appears that any habeas petition would be barred by the one-year statute of limitations set forth in 28 U.S .C. §§ 2244(d)(1)(A)–(D) (triggered by the latest of the following events: (A) the date his conviction became final; (B) the date a State impediment to filing his federal habeas petition was removed; (C) the date a constitutional right on which he relies was recognized by the United States Supreme Court, if the right has been newly recognized and made retroactive to cases on collateral review; or (D) the date he discovered, with diligence, the facts supporting one of his claims).

For all of these reasons, the Court should not construe Fredrick's Petition for Injunction as being brought pursuant to 28 U.S.C. § 2254 or as otherwise seeking habeas relief. Rather, the Court should dismiss his Petition.

### III.    Leave to Appeal *In Forma Pauperis*

The Court should also deny Fredrick leave to appeal *in forma pauperis*. Though Fredrick has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691

(M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Fredrick's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Fredrick's Motion for Leave to Proceed *in forma pauperis*. Further, I **RECOMMEND** that the Court **DISMISS** Fredrick's Petition, (doc. 1), **DENY** his Request for Preliminary Injunction and Temporary Restraining Order, and **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Fredrick leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. Objections are not the proper avenue to present new evidence or argument.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Fredrick.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA